UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T.[1],<br><br>                           Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>                           Defendant. | Case No.: 3:22-cv-00694-SBC<br><br>**ORDER GRANTING AMENDED JOINT MOTION FOR (1) RELIEF PURSUANT TO FED. R. CIV. P. 60(b) TO VACATE COURT'S PREVIOUS ORDER AND (2) ENTRY OF NEW ORDER**<br><br>**AMENDED ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[Dkt. No. 37]** |

Pending before the Court is the parties' January 5, 2026 Joint Motion for (1) Relief Pursuant to Fed. R. Civ. 60(b) to Vacate Court's Previous Order and (2) Entry of New Order (Dkt. No. 37, hereinafter "Joint Motion"). For the reasons discussed below, the Joint Motion is **GRANTED**, the Court's previous Order Granting Plaintiff's Counsel's Motion

---

[1] The Court refers to Plaintiff using only his first name and last initial pursuant to the Court's Civil Local Rules. *See* S.D. Cal. Civ. R. 7.1(e)(6)(b).

for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 32) is **VACATED**, and the Court hereby issues the following Amended Order Granting Plaintiff's Counsel's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b).

## I. PROCEDURAL HISTORY

Plaintiff's counsel, Monica Perales, of the Law Offices of Lawrence D. Rohlfing, Inc., CPC, filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), in which counsel requested an order granting attorneys' fees in the amount of $40,336.00 (Dkt. No. 29) based on a Notice of Award dated April 20, 2025, totaling $161,347.00 (Dkt. Nos. 29-3; 29-4). The Court issued a briefing schedule providing a deadline for Plaintiff and Defendant to respond to the motion (Dkt. No. 30). Defendant responded to the motion, stating that the Commissioner neither supports nor opposes Plaintiff's counsel's request for attorneys' fees (Dkt. No. 31). Plaintiff did not file a response. Accordingly, the Court issued an order granting counsel's motion and awarding $40,336.00 in fees (Dkt. No. 32). An updated Notice of Award dated October 1, 2025, reflects past-due benefits of $146,008.00 (Dkt. No. 37 at 6). In light of the changed Notice of Award, on December 5, 2025, the Parties filed a Joint Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) to Vacate Order Granting Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) and Entry of New Order (Dkt. No. 34). This Joint Motion was amended and refiled on December 31, 2025, to include a copy of the updated Notice of Award (Dkt. No. 37), at the request of the Court (Dkt. Nos. 35; 36).

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" due to mistake, inadvertence, surprise, or excusable neglect. Fed R. Civ. P. 60(b)(1). Here, the original attorneys' fee award of $40,336.00 was derived from the initial Notice of Award (Dkt. Nos. 29-3; 29-4) rather than the updated Notice of Award (Dkt. No. 37 at 6). If the attorneys' fee is not also updated, the $40,336.00 originally awarded exceeds 25% of claimant's actual past-due benefits, which is not permissible. *See* 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002). The proper calculation under 42 U.S.C. § 406(b) based on the updated

Notice of Award for $146,008.00 is for $36,502.00 in attorneys' fees (Dkt. No. 37 at 3).

## II.   BACKGROUND

On May 16, 2022, Plaintiff initiated this action against Defendant Commissioner of Social Security for judicial review under 42 U.S.C. § 405(g) of a final adverse decision for social security disability benefits (Dkt. No. 1). On May 20, 2022, the parties consented to Magistrate Judge jurisdiction over the case (Dkt. No. 7). On January 16, 2024, the Court resolved the parties' joint motion for judicial review in favor of Plaintiff and remanded this case for further administrative proceedings (Dkt. No. 26). The Court also granted the parties' joint motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,261.00 (Dkt. No. 28).

On remand, the Administrative Law Judge ("ALJ") issued a "fully favorable" decision and found Plaintiff disabled as of April 1, 2018 (Dkt. No. 29-2). The Social Security Administration issued a Notice of Award on April 20, 2025, in which Plaintiff was awarded approximately $161,347.00 in past-due disability benefits (Dkt. Nos. 29-3; 29-4). An updated Notice of Award dated October 1, 2025, awarded $146,008.00 in past-due disability benefits (Dkt. No. 37).

In the motion presently before the Court, Plaintiff's counsel seeks $36,502.00 in attorneys' fees pursuant to a representation agreement, dated April 20, 2021, in which Plaintiff agreed to pay counsel "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration" (Dkt. Nos. 29-1; 37).

## III.   LEGAL STANDARD

Under 42 U.S.C. § 406(b), "a court may allow a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits awards to the claimant" as attorneys' fees for representation in court proceedings. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citing

*Gisbrecht v. Barnhart*, 535 U.S. 789 (2002)). Under this framework, the court does not start with a lodestar calculation, rather, the court "first look[s] to the fee agreement and then adjusts downward if the attorney provided substandard representation." *Id.* at 1151. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*

An attorneys' fee award under § 406(b) is paid by the claimant out of the past-due benefits awarded and the losing party is not responsible for payment. Gisbrecht, 535 U.S. at 802, 122 S. Ct. 1817. Attorneys are permitted to seek recovery under both the EAJA and § 406(b), but to keep the larger fee, must refund the smaller fee to the claimant. *Id.* at 796, 122 S. Ct. 1817; *Parrish v. Comm'r Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

## IV. DISCUSSION

The contingency fee agreement between Plaintiff and his counsel, the Law Offices of Lawrence D. Rohlfing, Inc., CPC, provides that Plaintiff's counsel was to be paid a maximum of twenty-five percent of past-due benefits awarded to Plaintiff (Dkt. No. 29-1). As such, the contingency fee agreement is within the statutory ceiling. *See* 42 U.S.C. § 406(b)(1)(A). On remand, the Commissioner awarded Plaintiff approximately $146,008.00 in past-due benefits (Dkt. No. 37). Twenty-five percent of that amount is $36,502.00. Plaintiff's counsel seeks an attorneys' fee award of $36,502.00, exactly twenty-five percent of the past-due benefits awarded to Plaintiff.

Applying the first two *Crawford* factors, nothing in this case suggests that Plaintiff's counsel rendered substandard representation or delayed this litigation. *See Crawford*, 586 F.3d at 1151-52. Plaintiff's counsel timely and efficiently litigated this case, achieved remand for her client, and secured a "fully favorable" decision on remand. Plaintiff's counsel's representation resulted in a sizeable award of past-due benefits to Plaintiff, as well as monthly benefits going forward (Dkt. Nos. 29-3; 29-4; 37).

Next, the Court considers the third Crawford factor, whether the requested fees are excessively large in relation to the benefits achieved. *See Crawford*, 586 F.3d at 1151-52. Plaintiff's counsel's firm expended 18.2 hours of attorney time and 5.10 hours of paralegal

time, for a total of 23.3 hours, while representing Plaintiff through the entry of the order of remand (Dkt. Nos. 29 at 16; 29-5 at 1-2). Dividing the requested fees by the number of hours expended results in an effective hourly rate of $1,566.61, which may appear high. However, this rate falls within the range of hourly rates awarded in other Social Security cases. *See, e.g., Tamiko T. v. Kijakazi*, Case No.: 20cv1229-KSC, 2023 WL 253114, at *3 (S.D. Cal. Jan. 18, 2023) (finding an effective hourly rate of $1,339.29 "falls within the range of hourly rates charged by attorneys in other matters based on the Court's own observations and according to the information provided by counsel in support of the Motion"); *Reddick v. Berryhill*, Case No.: 16-cv-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (determining on reconsideration that a fee award of $43,000 for 21.6 hours of work by counsel on the case was reasonable, which equates to an hourly rate of $1,990.74); *Roland S. v. Kijakazi*, No. 20-cv-1068, 2023 WL 6966153, at *3 (S.D. Cal. Oct. 20, 2023) (approving an effective hourly rate of $1,438.35).

Furthermore, in taking on the case on a contingency basis, Plaintiff's counsel bore the risk in the event the appeal proved unsuccessful. Thus, in light of these factors and circumstances, the Court finds that the requested fee is reasonable, and a downward adjustment is not warranted. Therefore, the Court concludes that Plaintiff's counsel's attorneys' fees request of $36,502.00 is reasonable.

Having approved of the fees, an adjustment must be made in light of the Court's prior award under the EAJA in the amount of $5,261.00. "[I]n order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012). Thus, as Plaintiff's counsel has also acknowledged, the previous amount recovered under the EAJA must be reimbursed to Plaintiff (*see* Dkt. No. 29 at 11).

///

///

# V.   CONCLUSION

For the foregoing reasons, the Joint Motion is **GRANTED**, the Court's previous Order Granting Plaintiff's Counsel's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) filed August 21, 2025, is **VACATED**, and the Court **GRANTS** Plaintiff's motion for authorization of attorneys' fees pursuant to 42 U.S.C. § 406(b). The Court approves the requested fees in the amount of $36,502.00, to be paid out of Plaintiff's past-due benefits in accordance with the Social Security Administration's policy. **IT IS FURTHER ORDERED** that Plaintiff's Counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the lesser of the fee awarded under 42 U.S.C. § 406(b) and any fees awarded under the Equal Access to Justice Act. In light of this order, the parties' previously filed motion (Dkt. No. 34) is **TERMINATED** as moot.

**IT IS SO ORDERED.**

Dated: January 12, 2026

Hon. Steve B. Chu
United States Magistrate Judge